HORTON, J.,
concurring.
I concur with the Court’s decision, although to a certain extent this feels as if we are elevating form over substance. However, this is an instance where the forms are significant. As the Court’s opinion makes clear, absent express or implied agreement to try the question of acceleration, the district court was required to'decide the case based upon Father’s Amended Complaint. Further, if acceleration had been pled, the question whether Father took “some affirmative action to accelerate the debt” is a factual matter to be decided by the trial court, not this Court. Thus, we must vacate the judgment.
That being said, by October 9, 2013, Father’s actions in this litigation “clearly brought home” to Son that Father was exercising the option to accelerate the debt. See Weinberg v. Naher, 51 Wash. 591, 99 P. 736, 737 (1909). The declaration of Father’s expert, Denise McClure, in support of Father’s motion for partial summary judgment made it clear that the entire obligation was deemed due and owing. However, even if the declaration wasn’t sufficiently clear, Father’s briefing was:
In short, Don can accelerate the relevant Nursing Home Contracts if Brian, Doug, or Gene fail to promptly make a payment, and he can do so without notice. Upon accelerating a Nursing Home Contract, Don is entitled to collect 1.5% interest on the unpaid amount, compounded monthly.
[[Image here]]
On August 1, 2010, a full payment came due under Doug’s Nursing Home Contract, but he failed to pay that amount in full. Doug himself conceded that he stopped making full payments in July 2010. Since Doug failed to pay the full required amount, he was in default and Don was empowered to accelerate the entire amount owing under the agreement without notice. Therefore, as of August 2, 2010, the entire obligation of $768,159.70 came due immediately and has been accruing interest at 1.5% per month, or 18% per year, compounded monthly. As of September 30,2013, the amount due and owing under Doug’s Nursing Home Contract was $1,593,263.43. Don is entitled to summary judgment for this amount plus the default rate of interest.
(emphasis added; citations, footnote omitted).
It seems evident to me that Father’s first course of action on remand will be to amend his complaint to specifically allege the acceleration which he had previously claimed.. If that motion is granted, given Son’s unquestioned default, the outcome is preordained.
Justice W. JONES concurs.